### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

MICHAEL L. CORBETT,

                Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

                Defendant.

Case No. 08-CV-225-FHM

### OPINION AND ORDER

Plaintiff, Michael L. Corbett, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]   In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994).   Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.   *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1]   Plaintiff's October 3, 2005, application for disability benefits was denied initially and on reconsideration.   A hearing before Administrative Law Judge ("ALJ") Charles Headrick held May 10, 2007. By decision dated June 7, 2007, the ALJ entered the findings that are the subject of this appeal.   The Appeals Council denied Plaintiff's request for review on February 20, 2008.   The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 58 on the alleged date of onset of disability.  He has a high school education, is currently taking college courses, and formerly worked as salesman.  He claims to have been unable to work since June 30, 2005, as a result of bi-polar disorder, post traumatic stress disorder (PTSD), depression, anxiety, hearing problems, and back pain.  The ALJ determined that Plaintiff retains the functional capacity to understand, remember, and carry out simple one-step tasks and some, but not all, more detailed tasks that do not require intense concentration.  He is able to work under routine supervision, is able to complete a normal workday and workweek, and can adapt to a work setting.  He can relate to the general public on a superficial and occasional basis and is able to relate appropriately to co-workers and supervisors about work matters. [R. 19].

The ALJ determined that Plaintiff is unable to perform his past relevant work.  Based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs within the light and sedentary exertional category in the national economy that Plaintiff could perform with the aforementioned limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

2

Plaintiff asserts that the ALJ erred in denying benefits because his "advanced age renders him presumptively precluded from making the vocational adjustment to a significant number of light and sedentary unskilled jobs."[2] [Dkt. 19, p. 5].  For the reasons expressed below, the Court holds that the ALJ's decision must be REVERSED and the case REMANDED for further proceedings.

The ALJ's decision does not include any limitation on Plaintiff's ability to perform the exertional requirements of work, but does include non-exertional limitations which the ALJ found were applicable to all exertional levels of work. [R. 24].  In the hypothetical question posed to the vocational expert, the ALJ included the limitation of performance of light work. [R. 58].  In response to the hypothetical question the vocational expert identified only light and sedentary unskilled jobs. [R. 59].  20 C.F.R. § 404.1568(d)(4) provides, in relevant part:

> [I]f you are of advanced age (age 55 or older), and you have a severe impairment(s) that limits you to sedentary or light work, we will find that you cannot make an adjustment to other work unless you have skills that you can transfer to other skilled or semiskilled work . . . that you can do despite your impairment(s).

Given Plaintiff's age, under 20 C.F.R. § 404.1568(d)(4) transferable skills are required to find that Plaintiff is capable of performing light and sedentary work.  The vocational expert's testimony suggested the absence of transferability of skills. [R. 59].  In view of the absence of evidence demonstrating transferability of skills, the conclusion that Plaintiff can perform light and sedentary jobs is not supported by substantial evidence.  Therefore, the case must be remanded.

---

[2] In a footnote, Plaintiff states his argument assumes, *arguendo*, that the ALJ's RFC assessment was proper. [Dkt. 19, p. 5, n2].  The Court has not addressed Plaintiff's footnoted assertion that there are "significant problems" with the RFC assessment.  Only the argument developed in the body of Plaintiff's brief have been addressed.

The Commissioner argues that since the ALJ noted twice in his decision that Plaintiff could perform work at all exertional levels, he was not limited to light and sedentary work and therefore the ALJ correctly determined that Plaintiff was not disabled under § 204 of the Medical-Vocational Guidelines (Grids) which provides in relevant part:

> The residual functional capacity to perform heavy work or very heavy work includes the functional capability for work at the lesser functional levels as well, and represents substantial work capability for jobs in the national economy at all skill and physical demand levels.  Individuals who retain the functional capacity to perform heavy work (or very heavy work) ordinarily will not have a severe impairment or will be able to do their past work – either of which would have already provided a basis for a decision of "not disabled". . . . Thus an impairment which does not preclude heavy work (or very heavy work) would not ordinarily be the primary reason for unemployment, and generally is sufficient for a finding of not disabled, even though age, education and skill level of prior work experience may be considered adverse.

The court rejects the Commissioner's argument as unsupported by substantial evidence and contrary to Social Security regulations.

In view of the ALJ's finding that "[t]he claimant's ability to perform work at all exertional levels have been compromised by non-exertional limitations," [R. 24], the ALJ was not entitled to rely on the Grids to meet his burden of establishing that there are jobs in the economy which Plaintiff could perform with his limitations.  It is well established that "[t]he [Grid] rules do not direct factual conclusions of disabled or not disabled for individuals with solely nonexertional types of impairments."  20 C.F.R. Pt. 404, Subpt. P, App. 2, §200(e)(1).  Where, as here, the impairments under consideration are wholly nonexertional, the regulations instruct that full consideration must be given to all of the relevant facts of

the case. *Id.* at § 200(a), (e)(2), *Channel v. Heckler*, 747 F.2d 577 (10th Cir. 1984) (discussing inapplicability of Grids in the presence of nonexertional limitations).

The Commissioner's decision is REVERSED and the case is REMANDED for further proceedings to address the extent to which Plaintiff can perform work in exertional levels other than light and sedentary and for such other proceedings as necessary to reach a disability decision which comports with the relevant regulations and is supported by substantial evidence.

SO ORDERED this 30th day of July, 2009.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

5